UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 NOV -2 P 1:02

JAMES JEFFERSON,  }
 }
PLAINTIFF,  }
 }
V.  }   CIVIL ACTION NUMBER:
 }   2:07CV986 - MEF
COLLECTCORP  }
CORPORATION,  }   JURY DEMANDED
 }
DEFENDANT.  }

## COMPLAINT

1. This is an action brought by the Plaintiff, James Jefferson, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

3. This action is brought under Alabama state law and under 28 U.S.C. §1332 as there exists complete diversity and the amount in controversy excess Seventy-Five Thousand Dollars ($75,000), exclusive of costs and interest.

## PARTIES

4. The Plaintiff, James Jefferson ("Jefferson"), is a resident and citizen of the state of Alabama, Elmore County, and is over the age of twenty-one (21) years.

5.  The Defendant, CollectCorp Corporation ("CollectCorp"), is a corporation whose correct corporate status is unknown to Plaintiff at this time, but which was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Elmore County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6.  By correspondence dated August 3, 2007, Defendant arranged for the preparation and transmittal of a letter to Plaintiff demanding payment of a debt allegedly due "card Services" in the amount of $145.00. A true and correct copy of said correspondence is attached hereto and incorporated herein as "Exhibit A."

7.  Mr. Jefferson received Exhibit A at his residence in Elmore, Alabama.

8.  The alleged and disputed debt of Mr. Jefferson claimed in Exhibit A was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

9.  The text at the top of Exhibit A states:

    Date: August 3, 2007
    Reference #: OUT 71-072408629
    Client Name: Card Services
    Account # ending in: 2178
    Past Due Amount: $145.00
    Due Date: 08/11/2007

10. The text in the body of Exhibit A states:

    Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of this debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will

>   provide you with the name and address of the original creditor, if different from the current creditor.
>
>   Your account has been placed with CollectCorp Corporation, a collection agency. This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

11. A consumer, such as Mr. Jefferson, receiving *Exhibit A*, would be confused about their 30-day right to dispute the debt since the letter contained a "Due Date" which expired within 8 days of the mailing of the letter.

11. It is the policy and practice of CollectCorp to send collection letters in the form of Exhibit A to consumers requiring payment by an immediate date, which contradicts and overshadows the thirty-day validation notice.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

12. The Plaintiff adopts the averments and allegations of paragraphs 1 through 11 hereinbefore as if fully set forth herein.

13. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

14. The Defendant violated the FDCPA because its collection letter contained language, specifically a "due date" for payment, that contradicted and overshadowed the debt validation language required by §1692g.

15. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e(10).

16. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

17. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

3

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

18. The Plaintiff adopts the averments and allegations of paragraphs 1 through 17 hereinbefore as if fully set forth herein.

19. The Defendant knew or should have known of the conduct set forth herein, which was directed at and visited upon the Plaintiff.

20. The Defendant knew or should have known that said conduct was improper.

21. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

22. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

23. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, and nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

24. The Plaintiff adopts the averments and allegations of paragraphs 1 through 23 hereinbefore as if fully set forth herein.

25. The Defendant knew or should have known of the conduct set forth herein, which was directed at and visited upon the Plaintiff.

26. The Defendant knew or should have known that the said conduct was improper and illegal.

27. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

28. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

29. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, and nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;
B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);
C. Actual damages for the Defendant's violations of the FDCPA;
D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k; and
E. Compensatory and punitive damages against Defendant in the amount of $250,000.00 on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision
F. Such other and further relief that this Court deems just and proper.

/s/ Michael W. Lindsey
Michael W. Lindsey
ASB 4328-A63L
Attorney for Plaintiff

**Of Counsel**

**Weaver Tidmore, LLC**
200 Cahaba Park Circle, Ste 214
Birmingham, AL 35242
Phone: (205) 980-6065

_W.S_
W. Whitney Seals
ASB 8890-W81S
Attorney for Plaintiff

**Of Counsel**

**Pate & Cochrun, LLP**
P.O. Box 10448
Birmingham, AL 35202-0448
Phone: (205) 323-3900

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

_W.S_
Of Counsel

**THE PLAINTIFF REQUESTS THAT THE DEFENDANT BE SERVED WITH THE SUMMONS AND COMPLAINT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

CollectCorp Corporation
c/o Linda Matheson, Registered Agent
300 International Drive, #100
Williamsville, NY 14221